IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DAVID EUGENE YUSKA, | ) Bankruptcy No. 14-01504 |
| | ) |
| Debtor. | ) |

**RULING ON TRUSTEE'S RENEWED MOTION TO DISBURSE REAL ESTATE PROCEEDS (LIENS)**

This matter came on for telephonic hearing on April 19, 2017.  Debtor David Eugene Yuska appeared pro se.  David Yuska has asked that he be referred to as "David."  The Court will honor that request.  Eric Lam appeared with and for Trustee Renee Hanrahan.  John Waters and Laurie McCown appeared for the Iowa Department of Revenue.  Marty McLaughlin appeared for the Internal Revenue Service.  David did not file an objection before the hearing.  At the hearing, David objected to Trustee's motion.  The Court gave Debtor 7 days to file a written objection setting out the basis of his objection.  David timely filed his objection.  This is a core proceeding under 11 U.S.C. § 157(b)(2)(A).

### BACKGROUND

David filed bankruptcy.  In his bankruptcy, the Iowa Department of Revenue and the Internal Revenue Service both filed substantial claims for unpaid taxes.  David contested these state and federal tax claims in two adversaries: Yuska v. Iowa Department of Revenue, Adversary No. 15-09004, and Yuska v. Internal

Revenue Service, Adversary No. 15-09005 ("the tax adversaries"). In the tax adversaries, David argued, for various reasons, that state and federal tax laws did not apply to him and that he did not owe tax to Iowa or to the United States.

While the tax adversaries were pending, Trustee sought authorization to sell property. David objected. David argued that the property was his, not the Trustee's. David also argued that it was improper to sell the property to pay tax claims when he was disputing the validity of those tax claims. The Court approved the real estate sale over David's objection. The Court specifically ordered, however, that the "net remaining proceeds shall be held by the Trustee, and shall not be distributed until further notice and hearing and order from this Court." (Doc. 236 at 2).

Trustee later filed her Motion to Disburse Real Estate Proceeds (Liens). David objected to the motion. David argued that the real estate proceeds should not be disbursed to the Internal Revenue Service and the Iowa Department of Revenue because he disputed the validity of those tax claims in the tax adversaries. The Court held a telephonic hearing on the motion. The Court ordered that "[t]he Motion to Disburse Real Estate Proceeds (Liens) is held in abeyance pending ruling on the adversarial proceedings (15-9004 and 15-9005)." (Doc. 326).

On July 6, 2016, the Court ruled on David's adversary against the Iowa Department of Revenue. The Court granted the Iowa Department of Revenue's

Motion for Summary Judgment and dismissed the adversary.  David appealed this ruling to the Eighth Circuit Bankruptcy Appellate Panel ("B.A.P.").  David did not file a motion for a stay of the order pending appeal.  The B.A.P. affirmed this Court's ruling on May 8, 2017.

On February 13, 2017, the Court ruled on David's adversary against the Internal Revenue Service.  The Court granted the Internal Revenue Service's Motion for Summary Judgment and dismissed the adversary.  David appealed this ruling to the District Court.  That appeal is still pending.  David also did not file a motion for a stay pending appeal in this adversary.  No court has stayed this Court's ruling in the Internal Revenue Service Adversary.

On March 9, 2017, Trustee filed a Renewed Motion to Disburse Real Estate Proceeds (Liens), the subject of this ruling.  Trustee noted that her original Motion to Disburse Real Estate Proceeds was still pending, that the Court had ruled on the tax adversaries, and that those rulings were not stayed pending appeal.  Trustee asked the Court to grant her original motion to disburse and authorize her to disburse the approximately $1.15 million she is currently holding.

On April 19, 2017, the Court held a telephonic hearing on Trustee's motion.  Trustee asked that, if her motion is granted, the Court sign her previously filed proposed order on the earlier Motion to Disburse Real Estate Proceeds that is docketed at 286 in this case.  David objected to Trustee's motion for the first time

3

at the hearing. David argued that his adversaries were still pending because they were still on appeal. (At the time of the hearing, the B.A.P. had not yet ruled on David's appeal in the Iowa Department of Revenue adversary.) The Court gave David 7 days to file a written objection and any other supporting documents.

David filed his objection. David argues in his objection that the Trustee should not disburse the funds at issue because he does not owe income tax to Iowa or to the United States. David's written objection has three parts.

The first part is an affidavit in which David makes a number of statements about his relationship to the United States: in particular, that he is foreign to the United States, that he has never contracted with the United States, that the United States has deceived him in various ways, that he never agreed to pay taxes, and that the United States is extorting money from him, among other things.

The second part is also an affidavit. In it, David states that he does not have the proper "money of account" that complies with Article 1, Section 10 of the Constitution to pay his debt to the United States—namely, "legal money of gold or silver Coin." David also says that the United States does not issue such money. David says that, unless and until the United States does issue such money, he is legally unable to pay the United States.

The third part is a brief setting out the legal basis for David's position in his affidavit that he cannot pay taxes because the United States does not issue currency

4

in gold or silver coin.  David argues that the gold and silver coin required by Article 1, Section 10 of the Constitution is no longer in circulation.  David argues that, because it is impossible for him to get the proper legal tender, it is impossible for him to pay his tax liability.  David concludes that he does not owe taxes.

David also filed what was captioned as Motion to Dismiss Disbursement Process, Notice of Fraud, Notice of Fraud by Concealment, Notice of Fraud on the Court.  It is an affidavit stating that David has not contracted with the United States, that he has been defrauded by members of the bar, and that the judgments are void for lack of subject matter jurisdiction, among other things.  In it, David requests that "this bankruptcy proceeding, disbursement, be dismissed . . . ."  The Court will set this motion for hearing.  To the extent that this document is part of David's objection to Trustee's motion, the Court addresses it along with his other objections in the next section.

## DISCUSSION

David's position in his written objections is that he does not owe income tax.  Whether David owes income tax, however, is not the issue here—the Court has already ruled that David does owe income tax.  The issue currently before the Court is whether Trustee should disburse funds from the sale of real estate to David's creditors.  David does not directly address this issue in his written objections.

At the hearing, however, David did address this issue. David argued that it was improper to disburse the funds because the tax adversaries were still pending on appeal. The Court will first address David's written objections and then address the argument he made at the hearing.

### I. Tax liability

David's position in his written objection is that he does not owe income tax. David has previously argued that he does not owe taxes in the tax adversaries. The Court has thoroughly addressed the issues that David raises in the first part of his objection and his motion to dismiss—about his relationship to the United States; the basis of his tax liability; whether he has consented to be tax or otherwise formed a business or payment relationship with the United States; and this Court's jurisdiction—in its rulings in the tax adversaries. Yuska v. Iowa Dep't of Revenue (In re Yuska), 553 B.R. 669 (Bankr. N.D. Iowa 2016); Yuska v. Internal Revenue Serv. (In re Yuska), Bankr. No. 14-01504, Adv. No. 15-9005, 2017 WL 571486 (Bankr. N.D. Iowa Feb. 13, 2017). The Court determined that David owes income tax to the United States and to the State of Iowa. The Court has already decided those issues and will not address them further.

David does, however, raise a new issue here. David argues that, although he may owe tax, it is impossible for him to legally pay his taxes because the United States does not issue currency in issue gold or silver coins, which he argues the

Constitution requires.  Although this argument addresses his tax liability—not whether Trustee should disburse the funds—the Court will nevertheless address it.

The Constitution says: "No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts; . . . ."  U.S. Const. art. I, § 10.  David interprets this to require the United States and Iowa to recognize only gold and silver coin as legal tender.  This interpretation is incorrect and courts have repeatedly rejected it.  <u>Rahman El v. First Franklin Fin. Corp.</u>, No. 09-CV-10622, 2009 WL 3876506, at *7 (E.D. Mich. Nov. 17, 2009) (collecting cases rejecting the argument "that paper money does not have value because it is not backed by either gold or silver").  The Eighth Circuit has rejected a similar argument—that only "Legal Tender Dollars" are those which contain a mixture of gold and silver—as "clearly frivolous."  <u>United States v. Daly</u>, 481 F.2d 28, 30 (8th Cir. 1973).

The following discussion from another United States District Court explains why this is so:

> Nixon's argument is based on article 1, § 10, clause 1, which mandates that "No State shall ... make anything but gold and silver Coin a Tender in Payment of Debts . . . ."  Nixon asserts that this provision requires a state to accept and recognize only gold and silver coin as legal tender.  The argument fails for several reasons.
>
> First, Nixon's interpretation of article 1, § 10 creates a rather curious inconsistency with article 1, § 8, clause 5.  If states can only recognize gold and silver coin as legal tender, then Congress does not have complete power to declare what shall constitute legal tender for

7

payment of all debts, for a declaration that a treasury note or federal reserve note was legal tender would fly in the face of the restriction of § 10. While this is the conclusion which Nixon wants this court to reach (in effect declaring federal reserve notes illegal), it flies in the face of the clear import of § 8, clause 5's unrestricted language. The power to coin money necessarily carries with it the power to declare what is money, and the constitution does not limit Congress to gold and silver coin. Section 8 sets forth the powers of Congress, while § 10 imposes a restriction on the states. It strains logic and constitutional interpretation to claim that the framers of the constitution sought to limit Congress' power to coin money via an implication derived from a restriction directed not at Congress but at the states.

This strain in logic suggests the second reason for the failure of Nixon's argument: Nixon has misinterpreted the import of § 10's prohibition. Courts have uniformly interpreted § 10 as prohibiting states from declaring anything other than gold or silver coin as legal tender; yet these cases do not interpret § 10 as requiring states to accept only gold and silver coin as tender, nor could they, as they both recognize the unrestricted power of Congress to declare what shall constitute legal tender, including bills of credit, treasury notes, and federal reserve notes. In short, § 10 acts only to remove from the states the inherent sovereign power to declare currency, thus leaving Congress the sole declarant of what constitutes legal tender. Thus, the states must abide by the dictates of Congress, and because 31 U.S.C. § 5103 declares that federal reserve notes as legal tender, the states are constitutionally compelled to accept them as legal tender. Other reasons compel rejection of Nixon's position. Numerous courts have recognized that federal reserve notes are legal tender. In fact, there appears to be no cases since <u>The Legal Tender Cases</u> which undermine this conclusion. Such extensive and long-standing precedent offers a formidable justification for the eminently sensible conclusion that using or accepting federal reserve notes as payment for state court filing fees is completely proper under the constitution.

In short, Nixon's position is illogical and flies in the face of established precedent.

Nixon v. Phillipoff, 615 F. Supp. 890, 893–94 (N.D. Ind. 1985), aff'd, 787 F.2d 596 (7th Cir. 1986) (citations and footnotes omitted); see Rudd v. KeyBank, N.A., No. C2-05-CV-0523, 2006 WL 212096, at *5 (S.D. Ohio Jan. 25, 2006) (quoting Nixon at length to explain "why courts consider federal reserve notes to be a constitutional form of legal tender"); see also Holloway v. Netbank, No. 12-2960, 2014 WL 112029, at *7 (W.D. Tenn. Jan. 10, 2014) (quoting Rudd's discussion of Nixon and rejecting "[t]he theory that Federal Reserve notes are not legal tender [as] meritless as a matter of law").

Based on this clear authority, the Court rejects David's argument that he cannot legally pay his taxes because the United States does not issue currency in gold or silver coins.

## II.    Whether the adversaries are still "pending ruling"

At the hearing on this issue, David argued that it was improper to disburse the real estate funds because the Trustee's Motion to Disburse is still held in abeyance under the Court's order. David noted that the Court's order holding Trustee's original motion to disburse in abeyance said that it was "pending ruling" on the tax adversaries. David argues that the tax adversaries are still "pending" because they are on appeal.

"Ordinarily, a party must move first in the bankruptcy court for . . . (a) a stay of a judgment, order, or decree of the bankruptcy court pending appeal; . . .

9

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending . . . ." Fed. R. Bankr. P. 8007.

The Court finds that the tax adversaries are no longer "pending ruling" under the terms of the order. Since the hearing on this particular matter, the B.A.P. has ruled on David's appeal of the Iowa Department of Revenue adversary and affirmed this Court. Yuska v. Iowa Dep't of Revenue (In re Yuska), No. 16-6022, 2017 WL 1825404 (8th Cir. B.A.P. May 8, 2017). Even if David were to appeal the B.A.P.'s decision to the Eighth Circuit, however, that would not change the analysis: the adversaries are no longer "pending ruling" under the terms of the order. The Court filed rulings in both adversaries. As a result, Trustee's motion is no longer held in abeyance and is properly before the Court. Moreover, David has not moved for a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007. No court stayed this Court's rulings in the tax adversaries. As a result, those rulings stand. In re Lewis Jones, Inc., 369 F. Supp. 111, 115 (E.D. Pa. 1973) ("The sale of all the right, title and interest of the bankrupt and the Trustees in Bankruptcy in the escrow fund and the disbursements from the fund were, and are, completely proper since no stay or injunction pending appeal was ever granted . . . ."); see also First Inter-State Bank v. Weathersfield Farms Inc. (In re Weathersfield Farms, Inc.), 34 B.R. 435, 439 (Bankr. D. Vt. 1983) ("[T]he debtor appealed the 1981 order of dismissal without requesting . . . a stay of the dismissal order

pending appeal.  Absent an order staying the dismissal—and no such order exists in this case—the automatic stay of Code § 362 terminated upon dismissal of the case . . . ."); In re Prod. Aids Co., 193 F. Supp. 180, 190 (S.D. Iowa 1961) ("In that the other parties failed to file supersedeas the Court agrees that First Trust was within their right to take possession of the property pursuant to the Referee's order and dispose of it as they saw fit.").

Because the Court has ruled on the tax adversaries as contemplated in the order holding Trustee's original motion to disburse in abeyance, an order directing disbursement of the proceeds is now proper.  The Court will grant Trustee's motion and approve the stipulation docketed at 286 in this case.

## CONCLUSION

**WHEREFORE**, Trustee's Renewed Motion to Disburse Real Estate Proceeds (Liens), (Doc. 360), is GRANTED.

**FURTHER**, Trustee's Motion to Disburse Real Estate Proceeds (Liens), (Doc. 255), is GRANTED.

Dated and Entered:

May 12, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE