## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

|                        |   |                          |
|------------------------|---|--------------------------|
| IN RE:                 | ) |                          |
|                        | ) | Chapter 7                |
| DAVID EUGENE YUSKA,    | ) |                          |
|                        | ) | Bankruptcy No. 14-01504  |
| Debtor.                | ) |                          |

### RULING ON TRUSTEE'S OBJECTION TO CLAIM #18

This matter came on for hearing in Cedar Rapids on August 30, 2017.
Debtor David Eugene Yuska appeared pro se. David Yuska has asked that the
Court refer to him as "David." The Court will honor that request. Eric Lam
appeared for Trustee Renee Hanrahan. Marty McLaughlin appeared for the
Internal Revenue Service. The Court received evidence and heard argument. This
is a core proceeding under 28 U.S.C. § 157(b)(2).

### STATEMENT OF THE CASE

David filed bankruptcy. David filed a proof of claim asserting that he is
distinct from the legal entity that filed bankruptcy. David argues that he has a first-
priority secured claim to all estate property as heir to the bankruptcy estate.
Trustee objects. Trustee argues that there is no evidence supporting the proof of
claim and that the Court has previously rejected the reasoning that supports
David's arguments. Trustee notes that David is entitled to surplus from the estate,
but only after paying creditors. The Court sustains Trustee's objection.

## BACKGROUND AND ARGUMENTS

David filed bankruptcy.  In his bankruptcy, the Iowa Department of Revenue and the Internal Revenue Service both filed substantial claims for unpaid taxes. David contested these tax claims in two adversaries: Yuska v. Iowa Department of Revenue, Adversary No. 15-09004, and Yuska v. Internal Revenue Service, Adversary No. 15-09005.  In these adversaries, David argued, for various reasons, that state and federal tax laws did not apply to him and that he did not owe tax to Iowa or to the United States.  The Court rejected David's arguments in those cases and found that he owed taxes.

On May 25, 2017, David filed what was docketed as Declaration re: Proof of Claim by Creditor David Eugene Yuska ("proof of claim").  David's proof of claim asserted a claim for "the entire gross estate."  David states in his proof of claim that he is "the sole lawful heir, and sole lawful executor, and sole grantor, donor, settlor, of the entire legal estate."

David filed other documents with his proof of claim: a document from the U.S. State Department certifying that his birth certificate is "entitled to full faith and credit," a notarized copy of his birth certificate from the Deputy State Registrar, and a notarized "Affidavit of Ownership," in which he states that he is the same person as the one named in the birth certificate and has attained the age of majority.  David also supplied proof of the notary's commission and proof of the

2

Deputy State Registrar's appointment.  The next day, the Clerk docketed all of

these documents as Claim #18.

On June 6, 2017, Trustee objected to the proof of claim.  Trustee argued that

the proof of claim did not appear to be enforceable against David or his property.

Trustee noted that there was nothing to demonstrate how that the claim was

secured.  On July 6, 2017, David filed a response, arguing that his birth certificate

evidenced his claim as the rightful heir of his estate.  On August 30, 2017, the

Court held an evidentiary hearing on Trustee's objection to David's claim against

the bankruptcy estate in his own case.

David argues that he has the highest-priority claim to the entire estate.

David argues that he is separate from the entity that filed bankruptcy.  David

differentiates between his name in initial capital letters ("David Eugene Yuska")

and his name in all capital letters ("DAVID EUGENE YUSKA").  David asserts

that his initial caps name denotes himself, the flesh and blood person, while his all

caps name denotes a fictional legal entity—the entity that owed the taxes and filed

bankruptcy.  David concludes that he is not the debtor in this case, but is instead a

creditor based on his birth certificate (as the initial caps person).  David argues that

his birth certificate evidences his status as the rightful heir to the property.  David

argues that the Court must give his birth certificate—and his resultant right as heir

to the estate—full faith and credit in these proceedings.

In short, David's position is that, as the living person named "David Eugene Yuska," having attained the age of majority, he is the proper heir of the estate and so he has the highest and best claim to the property in the bankruptcy estate of "DAVID EUGENE YUSKA."

Trustee objects. Trustee argues that there is no evidence supporting David's proof of claim or otherwise showing that he has an enforceable claim. Trustee argues that there is nothing to show that the claim is secured.

Trustee also argues that this Court has already rejected virtually all the reasoning that David relies on in its rulings in the tax adversaries. Finally, Trustee notes that, to the extent that David's claim asserts his interest as the debtor in this case, the Bankruptcy Code already provides for that interest. If there is surplus from the estate after paying claims, that surplus will go to David. Trustee concludes that the Court should disallow the proof of claim.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The parties dispute whether David has an enforceable claim against the estate. The Bankruptcy Code provides, "A creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). If a creditor files a proof of claim, that claim "is deemed allowed, unless a party in interest . . . objects." § 502(a). If a party in interest objects to the proof of claim,

> **[T]he court**, after notice and a hearing, **shall determine the amount of such claim** in lawful currency of the United States as of the date of

4

the filing of the petition, **and shall allow such claim in such amount, except to the extent that** . . . **such claim is unenforceable against the debtor and property of the debtor**, under any agreement or applicable law . . . .

11 U.S.C. § 502(b).

The party objecting to the proof of claim has the initial burden to rebut the proof of claim's presumption of validity.  In re Tanner, Bankr. No. 12-01429, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa May 28, 2013) (citing Fed. R. Bankr. P. 3001(f)).  "If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor."  Id.

A claim is a secured claim only if it is "secured by a lien on property in which the estate has an interest."  § 506.  "Lien" means a "charge against or interest in property to secure payment of a debt or performance of an obligation."  § 101(37).  "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."  Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20 (2000).

Trustee has the burden to rebut the proof of claim's presumption of validity. The Court finds that Trustee has met that burden.  In particular, Trustee showed that David's claim against his bankruptcy estate is not enforceable because there is nothing in the proof of claim that shows an enforceable claim.  Trustee submitted David's bankruptcy schedules and his statement of financial affairs, the claims

5

docket, David's proof of claim, her objection, and David's response into evidence.

These documents show that nothing in the proof of claim or the attached

documentation evidence an entitlement to payment.  There is also nothing to show

that David's claim is secured.  Nothing in his proof of claim can be construed to be

"charge against or interest in property to secure payment of a debt or performance

of an obligation."  Trustee has met her initial burden by showing that David's

claim is not an enforceable claim.  Thus, the burden shifts and David has the

ultimate burden to show that he has a valid, enforceable claim in this case.

David argues that, even though he filed this case, he is not the debtor in this

case.  David argues that he is a creditor.  He claims to be the heir to the property in

the bankruptcy estate of DAVID EUGENE YUSKA.  David relies on a number of

documents to support this argument.

David submitted a document titled "Verified Notice to the Public in the

Nature of a Commercial Affidavit of Truth and Denial of Corporate Existence," in

which David says that he is a "living, breathing, freeborn, Iowan," and not

"DAVID EUGENE YUSKA, an enfranchised person cestui que trust, corporate

entity created by the United States . . . ."  Along these same lines, David filed a

document establishing the trade name "DAVID EUGENE YUSKA."  David also

filed a document that purports "[t]o rescind, and vacate, as a man, all association

with the/this Bankruptcy No. 14-01504 . . . ."  David asserts in this document that

6

he did "not enter knowingly, voluntarily, intentionally, and under full knowledge" of these bankruptcy proceedings.

David's position is essentially that he is a different entity than the entity that filed bankruptcy—and that he never was or no longer is the debtor in this case. This is critical to his argument that he is now a creditor of his own bankruptcy with the highest-priority claim. The Court has already rejected this position twice. Yuska v. Iowa Dep't of Revenue (In re Yuska), 553 B.R. 669, 689 (Bankr. N.D. Iowa 2016) (collecting cases and rejecting David's argument "that it is not him that owes the taxes, but an 'ens legis' that is denoted by his name in all capital letters"), aff'd, 567 B.R. 545 (B.A.P. 8th Cir. 2017); Yuska v. Internal Revenue Serv. (In re Yuska), Bankr. No. 14-1504, Adv. No. 15-9005, 2017 WL 571486, at *5 (Bankr. N.D. Iowa Feb. 13, 2017) (same). The Court again rejects this argument. The caption of this case, with David's name in all capital letters, is purely stylistic and has no legal effect. David filed this bankruptcy and is the debtor in this case.

David also filed an "Affidavit of Denial of US Citizenship." David sent that document to State Department declaring that he is not and has never been a US citizen. The document gave the State Department three days to respond with proof that he was a United States citizen. David never received a response. David concludes that this establishes that he is not a Untied States citizen.

David has previously made a similar argument based on similar

documentation.  In re Yuska, 553 B.R. at 688 ("During this adversary proceeding

and pendency of this bankruptcy, David filed an affidavit purporting to renounce

his United States citizenship.").  The Court rejected that argument:

> [David's] attempt to unilaterally declare himself free of citizenship and
> its responsibilities was and is ineffective.  He cannot continue to reside
> here in the United States and continue to enjoy the benefits of
> citizenship while simultaneous claiming he is not a citizen.  8 U.S.C. §
> 1481 (setting forth the ways a citizen may renounce citizenship).  An
> affidavit purporting to renounce citizenship is not effective under 8
> U.S.C. § 1481, because, among other things, "a threshold requirement
> under these procedures is that the citizen be outside the borders of the
> United States in order for his renunciation to take effect."  Duncan v.
> U.S. Dep't of State, No. 7:08–CV–00564, 2008 WL 4821323, at *1–2
> (W.D. Va. Oct. 30, 2008).

Id.  The Court again rejects this argument.  Title 8 U.S.C. § 1401 provides, "The

following shall be nationals and citizens of the United States at birth . . . a person

born in the United States . . . ."  David's birth certificate shows that he was born in

Cedar Rapids, Iowa.  His affidavit and accompanying documentation do not show

that he effectively renounced his citizenship.  David is a United States citizen.

Even if the Court could somehow consider David a creditor in his own

bankruptcy, he provided nothing that shows an enforceable claim against himself

or his property.  His documents and testimony do not show a claim that is

enforceable under applicable law.  In particular, his birth certificate evidences the

8

date and place of his birth, along with other facts about him.  It does not show an enforceable claim.  David has not met his ultimate burden to prove up his claim.

To the extent that David has articulated an interest in the bankruptcy estate, it is as the debtor in this case.  As the debtor, David is entitled to the property of the estate, but only after Trustee pays his creditors from that property.  See § 726(a)(6).  David does not need to file a proof of claim to assert this interest. Section 726 sets out which claims are paid and in what order.  It says, "[P]roperty of the estate shall be distributed . . . sixth, to the debtor."  § 726.  Because the Code already provides for David's interest as the debtor, he does not need to file a proof of claim to receive whatever remains after paying his creditors.

The Court concludes that David's proof of claim does not show an enforceable claim.  The Court will disallow Claim #18.

## CONCLUSION

**WHEREFORE**, Trustee's Objection to Claim #18 is SUSTAINED.

**FURTHER**, Claim #18 is denied and disallowed.  The Court will strike Claim #18 and the documents filed in the main case as Docket #385.

Dated and Entered:

September 27, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

9