IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DAVID EUGENE YUSKA, | ) |
| | ) Bankruptcy No. 14-01504 |
| Debtor. | ) |

**RULING ON TRUSTEE'S MOTION TO SELL 38 ACRES**

This matter came on for hearing in Cedar Rapids on October 25, 2017. Debtor David Eugene Yuska appeared pro se. David Yuska has asked that the Court refer to him as "David." The Court will honor that request. Eric Lam appeared for Trustee Renee Hanrahan. The Court received evidence and heard argument. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**STATEMENT OF THE CASE**

Trustee asks the Court to authorize her to sell the estate's interest in 38 acres of farm real estate. The proposed sale price is 85% of the appraised value of the real estate. David objects. David argues, among many other things, that there are no proper claims against him or the estate. Trustee responds the relevant issue is whether the sale will maximize the value of the estate. Trustee notes that David's objections all address whether he owes money to various creditors, not whether the sale will maximize the value of the estate. The Court agrees with Trustee and grants the motion.

## FINDINGS OF FACT

On September 29, 2014, David filed bankruptcy. When he filed bankruptcy, David and his wife Susan Yuska owned about 38 acres of farm real estate in Black Hawk County ("the 38 Acres"). David listed the 38 Acres on his schedules and valued his 50% interest in the property at $110,770. Thus, based on David's schedules, the 38 Acres as a whole is worth $221,540. Based on an appraisal performed as of July 17, 2017, the 38 Acres is worth $353,400.

Currently, Trustee does not have sufficient cash on hand to pay all claims against the estate. As a result, Trustee seeks the Court's authorization to sell the 38 Acres. Trustee submitted a signed offer to buy the 38 Acres for $300,815, which is about 85% of this appraised value. This sale will not involve any real estate commission. Because the proposed sale will eliminate the 5% real estate commission, it will effectively provide 89% of the real estate's appraised value.

Trustee will pay Susan Yuska half of the net sale proceeds remaining after Trustee and the estate have paid all costs and expenses associated with the sale. The remaining proceeds will go to the estate. Trustee will use them to pay the estate's various claims.

David provided no documentary evidence or testimony that addressed the value of the farm real estate or the reasonableness of the sale. David provided only arguments and statements about the validity of claims against him and the estate.

## CONCLUSIONS OF LAW AND ANALYSIS

"The Bankruptcy Code requires a Chapter 7 trustee to expeditiously liquidate or abandon property of the estate." In re Corn Advantage Coop., Bankr. No. 09-01222, 2012 WL 4059894, at *2 (Bankr. N.D. Iowa Sept. 14, 2012) (citing 11 U.S.C. § 704(a)).  "[I]f it is in the best interest of the estate, the court may approve a sale of estate property outside the ordinary course of business under § 363." Id. (citing VanCura v. Hanrahan (In re Meill), 441 B.R. 610, 615 (B.A.P. 8th Cir. 2010)).  The goal of a § 363 sale is to "maximiz[e] the value of the bankruptcy estate." Am. Plant Food Corp. v. United Agri Prods. Inc. (In re Farmland Indus., Inc.), 289 B.R. 122, 126 (B.A.P. 8th Cir. 2003).  "Courts have wide discretion with respect to sales of property of the estate." In re Corn Advantage Coop., 2012 WL 4059894, at *2 (citing In re Meill, 441 B.R. at 615).

"A sale of estate property outside the ordinary course of business is in the best interest of the estate and may be approved if it is for a fair and reasonable price and in good faith." In re LeBlanc Inc., 299 B.R. 546, 552 (Bankr. N.D. Iowa 2003).  A sale price of 75% of the appraised value may be fair and reasonable.  Id.

Here, Trustee has demonstrated that the proposed sale under § 363 is in the best interest of the estate, will maximize the value of the estate, and is in good faith.  At effectively 89% of the appraised value, the sale is for a fair and reasonable price.  Moreover, the sale will provide needed cash to pay claims.

David's objection to the sale does not address the § 363 sale in any way. He provides no evidence or argument about the value of the property, the reasonableness of the sale, or the best interest of the estate. Instead, David argues, among other things, that the claims against him and the bankruptcy estate are invalid because they are not "sworn and verified debts signed by a real party in interest," that he did not have full disclosure of what filing bankruptcy meant, that the Court does not have jurisdiction over him, that he has never contracted with the United States or otherwise agreed to pay taxes, that the United States has been pledging its people as collateral for debts after abandoning the gold standard, that the Federal Reserve system is a part of a "Globalist Cabal" that is working to set up a "New World Order," and that "the Illuminati" has been working throughout history to destroy religion.

All of David's arguments, whether specifically mentioned here or not, do not address the relevant issue, which is whether the proposed sale is in the best interest of the estate. The Court finds that the sale is in the best interest of the estate.

## CONCLUSION

**WHEREFORE**, Trustee's Motion to Sell 38 Acres is GRANTED.

Dated and Entered:

December 19, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE