IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DAVID EUGENE YUSKA, | ) |
| | ) Bankruptcy No. 14-01504 |
| Debtor. | ) |

**RULING ON DAVID'S OBJECTION TO CLAIM #1**

This matter came on for hearing in Cedar Rapids on February 28, 2018. Debtor David Eugene Yuska appeared pro se. David Yuska has asked that the Court refer to him as "David." The Court will honor that request. Christopher Moran appeared for the United States on behalf of the Internal Revenue Service ("IRS"). The Court received evidence and heard argument. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

The IRS filed a substantial claim for unpaid taxes in David's bankruptcy. David objects to the IRS proof of claim. In particular, David argues that the proof of claim is invalid because the IRS employee who filled out the proof of claim checked a box indicating that she herself was the creditor. David concludes that the Court should deny the IRS claim on this basis. The IRS agrees that the IRS employee checked the incorrect box and that she should have checked a box indicating that she was an authorized agent of the IRS. The IRS argues, however, that this minor technical deficiency does not render the proof of claim invalid.

## BACKGROUND AND FINDINGS OF FACT

The IRS filed a substantial claim for unpaid taxes and later amended its claim. The amended proof of claim shows a secured claim of $210,213.67, an unsecured priority claim of $98,506.63, and a general unsecured claim of $868,436.88.

Earlier in this case, David contested this tax liability in an adversary, <u>Yuska v. Internal Revenue Service</u>, Adversary No. 15-09005. In this adversary, David argued, for various reasons, that federal tax laws did not apply to him and that he did not owe tax to the United States. The Court rejected David's arguments in that case and found that he owed taxes. <u>Yuska v. Internal Revenue Serv.</u> (<u>In re Yuska</u>), Bankr. No. 14-01504, Adv. No. 15-9005, 2017 WL 571486 (Bankr. N.D. Iowa Feb. 13, 2017).

On November 15, 2017, David filed an objection to the IRS claim. The IRS filed a response arguing that the Court had already determined David's tax liability in the adversary, that the doctrine of res judicata should apply, and that the Court should overrule David's objection even if it did not apply res judicata. The Court set the matter for hearing. At the hearing, David testified about the IRS proof of claim and other documents. The Court received those documents into evidence. Based on David's testimony and the documents in evidence, along with the extensive record of this case, the Court makes the following findings of fact.

The IRS filed its initial proof of claim in this bankruptcy on October 15, 2014. The claim totaled $ 738,915.03, made up of a secured claim, a priority unsecured claim, and an unsecured claim. The proof of claim says that the name of the creditor is "Department of the Treasury - Internal Revenue Service." The address listed for where notices should be sent is:

    Internal Revenue Service
    P.O. Box 7346
    Philadelphia, PA 19101-7346

The address listed for where payment should be sent is:

    Internal Revenue Service
    P.O. Box 7317
    Philadelphia, PA 19101-7317

In box 2, the "Basis for Claim" is listed as "Taxes." In box 5, where the creditor is to set out the basis for any amount of claim entitled to priority under 11 U.S.C. § 507(a), the following box is checked: "Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)."

Mary Brellinger, identified as a Bankruptcy Specialist for the IRS, signed the IRS proof of claim. In the signature box, there are four available checkboxes: "I am the Creditor"; "I am the creditor's authorized agent"; "I am the trustee, or the debtor, or their authorized agent;" and "I am a guarantor, surety, indorsor, or other codebtor." Ms. Brellinger checked the box that said, "I am the Creditor." Under Ms. Brellinger's name, along with her title at the IRS, her address is listed as:

Internal Revenue Service
INSOLVENCY
1222 Spruce Street, M/S 5334 STL
St Louis, MO 63103

There is also an attachment to the proof of claim. That attachment is titled "Proof of Claim for Internal Revenue Taxes." It sets out the "Taxpayer ID Number," "Kind of Tax," Tax Period," "Date Tax Assessed," "Tax Due," as well as when the notice of tax lien was filed for various separate tax obligations. In addition, there are two documents entitled "INTERNAL REVENUE SERVICE FACSIMILE FEDERAL TAX LIEN DOCUMENT." These documents set out the specifics of the tax liens the IRS filed at the Black Hawk County Recorder's office.

On July 25, 2016, the IRS filed an amended proof of claim. The amended proof of claim changed the total amount of the IRS claim to $1,177,157.18, again comprised of secured, priority, and unsecured claims. Once again, the creditor is listed as "Department of the Treasury - Internal Revenue Service" and the same addresses are listed for notice and payment. The basis of the claim is again listed as "Taxes." Again, the IRS listed that part of the claim is entitled to priority as "Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8)."

Ms. Brellinger also filled out and signed this amended proof of claim. Her title is Bankruptcy Specialist with the IRS with the same address. She again checked the box that said, "I am the creditor."

## CONCLUSIONS OF LAW AND ANALYSIS

"In the bankruptcy context, a claim is any right to payment." Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004) (citing 11 U.S.C. § 101(5)). "A creditor may file with the bankruptcy court a proof of its claim against a debtor." Id. (citing 11 U.S.C. § 501(a)). "A claim, proof of which is filed pursuant to Section 501 of the Bankruptcy Code, is deemed allowed unless a party in interest objects." Id. (citing 11 U.S.C. § 502(a)). "If an objection to a claim is filed, the court shall determine the amount of such claim as of the date of the bankruptcy petition and shall allow such claim in such amount except to the extent that any of nine enumerated exceptions apply." Id. (citing 11 U.S.C. § 502(b)(1)–(9)). "Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." Id.

In particular, § 502(b) sets forth the following grounds for objecting to a claim: (1) the "claim is unenforceable against the debtor and property of the debtor"; (2) the "claim is for unmatured interest"; (3) the "claim is for a tax assessed against property of the estate [and] exceeds the value of the interest of the estate in such property"; (4) the "claim is for services of an insider or attorney of the debtor [and] exceeds the reasonable value of such services"; (5) the "claim is for a debt that is unmatured on the date of the filing of the petition and that is

excepted from discharge under section 523(a)(5) of this title"; (6) the "claim is the claim of a lessor for damages resulting from the termination of a lease of real property" and meets other criteria; (7) the "claim is the claim of an employee for damages resulting from the termination of an employment contract" and meets other criteria; (8) the "claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or (9) the "proof of such claim is not timely filed . . . ."  11 U.S.C. § 502(b)(1)–(9).

The statute is clear that, unless one of these exceptions is met, "**[T]he court . . . shall determine the amount of such claim** in lawful currency of the United States as of the date of the filing of the petition, **and shall allow such claim in such amount** . . . ."  11 U.S.C. § 502 (emphasis added).

Here, David does not object to the IRS proof of claim on any of these bases. He also does not argue that the IRS is not entitled to payment.  Instead, he argues that Ms. Brellinger's checking the box indicating that she, personally, is the creditor, invalidates the IRS proof of claim because it is no longer prima facie valid.  David argues that there is nothing in the record or attached to the proof of claim that shows that he owes Ms. Brellinger money.  David argues that he sent notice to Ms. Brellinger of his objection to her claim, and notes that she did not appear to defend the proof of claim, nor any attorney on her behalf.  In essence,

6

David argues that Ms. Brellinger's checking the box indicating that she personally is the creditor means that she is the party in interest—not the IRS.  David thus objects to the claim because nothing in it supports that Ms. Brellinger has a "right to payment."  David points out a news report that recently a $5 million settlement was reached in a dispute over statutory interpretation that turned on the lack of an oxford comma.  David concludes that small technicalities, like Ms. Brellinger's incorrect box checking here, can have substantial consequences.

    The IRS agrees that Ms. Brellinger checked the incorrect box.  The IRS says that Ms. Brellinger should have checked the box indicating that she was the IRS's authorized agent.  The IRS argues that this technical deficiency does not invalidate the proof of claim or show that the proof of claim sets out Ms. Brellinger's personal claim to a right to payment.  The IRS argues that everything else in the record, the lengthy history of this case, in which the IRS—not Ms. Brellinger—has participated, and everything else in the proof of claim, shows that the proof of claim is for the IRS, not Ms. Brellinger.  The IRS argues that the technical deficiency does not invalidate its proof of claim.  The IRS argues alternatively that, to the extent a remedy is needed for this technical deficiency, the Court should allow the IRS to amend its proof of claim.

    Bankruptcy Rule 3001 sets out the requirements for a proof of claim and provides, "A proof of claim is a written statement setting forth a creditor's claim.

7

A proof of claim **shall conform substantially** to the appropriate Official Form."
Fed. R. Bankr. P. 3001(a) (emphasis added). "The courts construe the second sentence of this rule according to its plain meaning: to meet muster as an assertion of a claim, a proof of claim need only conform substantially to the official form, '[it] need not conform exactly.'" In re Rowell, 421 B.R. 524, 529 (Bankr. D. Minn. 2009) (quoting Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 151 (B.A.P. 8th Cir. 2004)).

In In re Rowell, the Bankruptcy Court for the District of Minnesota found that the IRS's technical failure to state a "Value of Property" on its proof of claim did not render the IRS claim or its security interest invalid. In re Rowell, 421 B.R. at 529–30. The Court found that this "common sense" approach showed that debtor's argument was "only technical, and not material," and concluded that any prejudice, "looking at the proof of claim as a whole . . . was de minimis." Id. The Court relied on authority from the Bankruptcy Appellate Panel for the Eighth Circuit and concluded:

> Where a proof of claim describes a creditor's claim with reference to its components and their specific dollar-amounts, attaches summaries and breakdowns of each debt, and otherwise embodies a bona fide effort to follow the prescriptions of the official form, it "complie[s] with the spirit of the applicable rules" and is to be given prima facie evidentiary effect as provided in Fed. R. Bankr. P. 3001(f).

Id. at 529 (quoting In re Dove–Nation, 318 B.R. at 151). The Court noted: "The text of Fed. R. Bankr.P. 3001(a) itself militates against the hyper-technical

8

approach counsel urges, i.e., the infliction of terminal consequences on a claim for the failure to fill in one blank." Id.

This reasoning applies here. David relies on a "hyper-technical approach" to the IRS proof of claim. He looks at the box Ms. Brellinger checked indicating that she personally is the creditor in isolation, instead of "looking at the proof of claim as a whole." Every other part of the proof of claim sets out the United States' entitlement to payment based on unpaid taxes. The addresses listed, the basis of the claim attached, Ms. Brellinger's work title, and all of the supporting documentation, show that this is the IRS proof of claim—not Ms. Brellinger's personally. Thus, the IRS proof of claim "complie[s] with the spirit of the applicable rules" and is to be given prima facie evidentiary effect. David's argument otherwise ignores common sense and is based on a technical, not material deficiency in the proof of claim.[1]

David has already himself recognized that the IRS—not Ms. Brellinger—is the claimant. He sued the IRS in the adversary and repeatedly argued that its claim

---

[1] Moreover, David's insistence that the technical deficiency on the IRS claim means that the Court must disallow the IRS claim is wrong. That is not an appropriate remedy: "[T]he remedy must bear a rational relationship to the violation of the rule and cannot give the debtor a windfall for a technical violation that caused no harm." In re Freeman-Clay, 578 B.R. 423, 445 (Bankr. W.D. Mo. 2017). Here, even if a remedy was required, it would not be disallowance of the claim. Id. ("It is well-established that 'other appropriate relief' [under Rule 3001(c)(2)] does not include the disallowance of a claim.").

was invalid because he is not a <u>taxpayer</u>. David has tried every possible approach to getting out of paying the IRS the tax he did not pay. The Court has allowed him much leeway in making arguments—including the one presently before the Court—that contradict his own previous suit against the IRS. This is the end of any such arguments. The IRS has a valid and binding claim here.

## CONCLUSION

**WHEREFORE**, David's Objection to Proof of Claim #1 is OVERRULED.

Dated and Entered:

April 6, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

10