IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DAVID EUGENE YUSKA, | ) |
| | ) Bankruptcy No. 14-01504 |
| Debtor. | ) |

**RULING ON DAVID'S OBJECTION TO CLAIMS #8 AND #9**

This matter came on for hearing in Cedar Rapids on March 20, 2018. Debtor David Eugene Yuska appeared pro se. David Yuska has asked that the Court refer to him as "David." The Court will honor that request. John Waters, Brandon Gray, and Laurie Heron McCown appeared for the Iowa Department of Revenue ("IDOR"). The Court received evidence and heard argument. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

IDOR has a substantial claim for unpaid taxes in David's bankruptcy. David objects to IDOR's proofs of claim. David argues that IDOR has not shown that it is entitled to payment. IDOR argues that the Court does not have jurisdiction to reach this issue because the Bankruptcy Appellate Panel ("B.A.P.") decided the issue, claim preclusion applies, and its proofs of claim and supporting documents show an entitlement to payment. The Court concludes that it does not have jurisdiction over the issue, that claim preclusion applies, and that, even if it were to reach the merits, David did not present evidence to rebut the proofs of claim.

## BACKGROUND AND FINDINGS OF FACT

IDOR filed substantial claims for unpaid taxes and later amended its proofs of claim. David filed an adversary against IDOR arguing that he did not owe taxes. The Court ruled in favor of IDOR. Yuska v. Iowa Dep't of Reveune (In re Yuska), 553 B.R. 669 (Bankr. N.D. Iowa 2016), aff'd, 567 B.R. 545 (B.A.P. 8th Cir. 2017). David now objects to IDOR's claims. David argues that IDOR has not sufficiently proved that it is entitled to payment.

As a part of this proceeding, David subpoenaed Amy Reichenbacker, who signed and filed IDOR's initial claims ##8 and 9. Ms. Reichenbacker used to work at IDOR, but left over two years ago. IDOR moved to quash the subpoena. IDOR argued that it would be a burden to Ms. Reichenbacker and that her testimony was unnecessary because Megan Miller, who signed the amended proofs of claim, was available to testify. The Court agreed with IDOR and quashed the subpoena.

At the hearing, David submitted Ms. Reichenbacker's subpoena into evidence. David argued that he needed her at the hearing to testify about the proofs of claim and whether they were correct and accurate. David argued that, without her testimony, he would be unable to contest the proofs of claim properly.

David then called Megan Miller, who currently works at IDOR. Ms. Miller works as a bankruptcy paralegal. She has a paralegal degree and 6 months of on-

the-job training to work as a bankruptcy paralegal. Ms. Miller is qualified and well trained to do her job.

Ms. Miller signed and filed the second amended proofs of claim at issue here. Ms. Miller relied on IDOR's assessment in filing the proofs of claim. She specifically testified that the amounts on the proofs of claim were consistent with the amounts showed to be owing from IDOR's systems. She stated that the information was correct, but noted that she was not involved in determining the accuracy of the underling numbers in IDOR's system.

The subpoena of Ms. Miller asked her to bring documents relating to the liens at issue and documents that she relied on in filling out the proofs of claim. Ms. Miller did not bring those documents. Counsel for IDOR stated that it did not have time to comb through all of the documents that the subpoena request potentially captured. Accordingly, counsel for IDOR advised Ms. Miller that she did not need to bring the documents.

David also testified. He testified that he had seen no evidence that he elected to be a resident of Iowa, a citizen of the United States, a social security cardholder, or a taxpayer, and that he never intended to do so. He testified that he lives and works on the land of Iowa, not land of the United States. He testified that he never contracted with, never associated, and never did business with the United

States or Iowa. He concludes that he has no agreement to pay taxes to the United States or Iowa.

David has filed cases as a plaintiff in Iowa Courts. In those filings, he stated that he was a resident of Iowa. David testified that he did this when he was in ignorance. David also receives mail addressed to him as a man at an address in Waterloo, Iowa. David admitted that he received rental income from property in Iowa during 2007–2014. David also admitted that he had no evidence that the income amounts IDOR claimed he received were inaccurate.

David nevertheless argues that IDOR's proofs of claim are insufficient. David argues that IDOR has not shown perfection of a security interest through a mortgage or lien. David notes that there are lien numbers on the notice of liens attached to the proofs of claim, but not the liens themselves. David argues that the notices of lien attached to the proofs of claim are insufficient to show that a lien was filed or recorded. David argues that IDOR is effectively asking the Court to convert the notice of a lien into a lien itself. David argues that there is no evidence to support the proofs of claim. David concludes that the Court should disallow IDOR's claim.

IDOR argues that the Court no longer has jurisdiction to decide this issue. IDOR notes that the B.A.P. affirmed this Court's ruling in the adversary, which found that David owed taxes in the amounts set out in IDOR's claims. IDOR

argues that this Court lost jurisdiction over the issue when David filed his notice of appeal to the B.A.P. IDOR concludes that the Court no longer has jurisdiction to revisit the amount of its claims.

IDOR also argues that res judicata bars David from relitigating the amounts of the claims. IDOR argues that a matter determined in an adversary bars further litigation of that matter in the main case. IDOR admits that, if there were new evidence, res judicata may not apply. IDOR argues that David has not presented new evidence. IDOR argues that the only new position that David puts forward here is that a notice of lien is insufficient evidence of the lien, which is a new legal argument, not new factual evidence. IDOR argues that liens are a purely legal concept and created by operation of law—the right to possess property as collateral to secure repayment of a debt—and that the notice of lien is itself sufficient to evidence that right. IDOR argues that it cannot produce the legal right itself.

Finally, IDOR argues that the assessments are accurate. IDOR notes that it has given David many opportunities to review the assessments and show how or why they are inaccurate. David has not done so.

## CONCLUSIONS OF LAW AND ANALYSIS

The Bankruptcy Code provides: "A creditor ... may file a proof of claim." 11 U.S.C. § 501(a). If a creditor files a proof of claim, that claim "is deemed

allowed, unless a party in interest . . . objects." § 502(a).  If a party in interest objects to the proof of claim:

> [T]he court, after notice and a hearing, **shall determine the amount of such claim** in lawful currency of the United States as of the date of the filing of the petition, **and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor**, under any agreement or applicable law . . . .

11 U.S.C. § 502(b).

Here, the parties dispute whether IDOR's claim is enforceable against David.  David argues that IDOR has not provided sufficient evidence that its claim is enforceable against him.  In particular, he argues that IDOR's notices of liens do not evidence the liens themselves.  IDOR argues that the Court no longer has jurisdiction over its claim because a higher court has addressed the issue, that David's objection is barred by the doctrine of res judicata, and that it has adequately proved that it has an enforceable right to payment.

## I. Jurisdiction and Res Judicata

IDOR argues that the Court no longer has jurisdiction over its claim.  IDOR cites a case from the Supreme Court, which states: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).  Similarly, the Eighth Circuit has said: "Once appealed, issues before an

6

appellate court should not be undermined or altered. . . . . Subsequent proceedings in the district court are ordinarily ineffective." Liddell by Liddell v. Bd. of Educ. of City of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996) (quoting Griggs).

IDOR also argues that the doctrine of res judicata now bars David from relitigating the amount or enforceability of its claim because David already contested its claim in the adversary.

> The doctrine of res judicata prevents courts from relitigating claims and issues in order to promote the finality of judgments and conserve judicial resources. The term res judicata refers to both claim preclusion and issue preclusion. Claim preclusion bars successive litigation of the same claim regardless of whether the claim raises different issues.

N. Oil & Gas, Inc. v. EOG Res., Inc., No. 1:16-CV-388, 2018 WL 1833980, at *3 (D.N.D. Apr. 17, 2018) (citations and internal quotation marks omitted). IDOR cites In re Anderberg-Lund Printing Co., 109 F.3d 1343 (8th Cir. 1997), to support its position that res judicata bars relitigation of an issue in the main case where the same issue was decided in an adversary. In particular, IDOR argues that claim preclusion applies because David's adversary against IDOR: (1) "resulted in a final judgment on the merits"; (2) "was based on proper jurisdiction"; (3) "involved the same cause of action" as this proceeding; and (4) "involved the same parties or their privies" as this proceeding. Id. at 1346.

Here, the Court has already ruled on the amount and enforceability of IDOR's claims against David. Yuska v. Iowa Dep't of Reveune (In re Yuska), 553

B.R. 669 (Bankr. N.D. Iowa 2016).  In that adversary, the Court found, among other things, that David owed tax to IDOR as set out in its assessments.  Id. at 675.  David appealed that ruling to a higher court, the Bankruptcy Appellate Panel for the Eighth Circuit, which found "no error in the bankruptcy court's legal conclusions or its decision," and affirmed this Court's ruling.  Yuska v. Iowa Dep't of Reveune (In re Yuska), 567 B.R. 545, 552 (B.A.P. 8th Cir. 2017).  As a result, this decision is no longer just the decision of this Court, but also of a higher appellate court.  This Court does not have jurisdiction to "undermine or alter" the decision of that higher court.  Accordingly, the Court does not have jurisdiction to revisit the amount or enforceability of IDOR's claim.

Even if the Court had jurisdiction to revisit that issue, the doctrine of res judicata, in particular claim preclusion, would apply and bar David from relitigating IDOR's claim.  In the adversary, David has already argued that IDOR's claim was incorrect and unenforceable.  This Court—and the B.A.P.—rejected his arguments and found that he owed taxes in the amounts set out in IDOR's assessments.  The Court finds that the adversary "resulted in a final judgment on the merits"; "was based on proper jurisdiction"; "involved the same cause of action" as this proceeding; and "involved the same parties or their privies" as this proceeding.  David does not argue otherwise.  Thus, claim preclusion bars David from litigating the amount or enforceability of IDOR's claims.

Because claim preclusion apples, "successive litigation of the same claim" is barred "**regardless of whether the claim raises different issues**." N. Oil & Gas, Inc., 2018 WL 1833980, at *3 (emphasis added). As a result, even though David raises different issues here, his arguments about IDOR's claims are still barred.

## II.    Merits

Even if, however, the Court had jurisdiction over this issue, and even if claim preclusion did not apply, the Court would find that IDOR's proofs of claim set out an enforceable right to payment for its assessment amounts.

Bankruptcy Rule 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001. "Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party." In re Tanner, Bankr. No. 12–01429, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa May 28, 2013). "If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor." Id.

Here, David did not present evidence to meet his initial burden of production. David provided no evidence about IDOR's claim—the amount or enforceability of that claim. All of his documents and testimony attacked the sufficiency of the documents attached to IDOR's proofs of claim. David simply

argues that IDOR did not have sufficient documentary evidence or testimony to support its claim.  He did not provide any affirmative evidence that IDOR's assessment was wrong.

In fact, the evidence presented shows that IDOR's assessment amounts are correct and that IDOR is entitled to payment.  David admitted that he received rental income from property in Iowa during 2007–2014.  David also admitted that he had no evidence that the income amounts IDOR claimed he received were inaccurate.  This testimony, along with the testimony of Ms. Miller and the documents attached to the proofs of claim, show an entitlement to payment.  David presented nothing to rebut this evidence.

In arguing that IDOR's evidence was insufficient to show that it was entitled to payment, David argued specifically that the attached "notice of lien" was insufficient to evidence the lien itself.  David argued that the document was simply a notice and so was not evidence of the lien itself. In addressing a substantially similar argument, another Court has said:

> [M]ost fundamentally, Anthony seems to misunderstand the nature of a lien.  She admits that Edenton North presented a "'Notice of Lien'" but insists that "[a] 'Notice of Lien' is NOT a lien."  She seems to believe that Edenton North's claim required it to present a piece of paper that purported to be a "lien."  But a lien is not a piece of paper, although it can be created by a document.  A lien is, generally speaking, a legal right or interest in another's property.  In other words, a "lien" is a legal right, not a tangible object.  Edenton North presented evidence of its lien by providing the legal documents that gave rise to its legal right against Anthony's property.

In re Anthony, 481 B.R. 602, 628 (D. Neb. 2012) (citations omitted).  This explanation is persuasive and applies here.  Based on this authority, David's argument that the notice of lien is insufficient to evidence the lien—or the right to payment—is incorrect.  The notice of lien is sufficient.  The Court finds that the notice of lien shows the existence of the lien.

It was David's burden to present "some evidence to rebut the presumption of validity" of IDOR's proofs of claim.  In re Tanner, 2013 WL 2318848, at *4.  David did not do so.  Because David did not rebut IDOR's proofs of claim with evidence of his own, IDOR's proofs of claim remain prima facie valid and the Court overrules his objection.

## CONCLUSION

**WHEREFORE**, David's Objection to IDOR's Claims #8 and #9 is OVERRULED.

Dated and Entered:

May 24, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE